IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN CARSON, District Judge; JOHN MARSH, District Judge; GERALD JORGENSEN, County Judge; JOHN RADEMACHER, County Judge; SHAWN EATHERTON, County Attorney; PATRICK LEE, Deputy County Attorney (now District Judge); KARL FISK, Deputy County Attorney; JEFF WIRTH, Public Defender; D. BRANDON BRINEGAR, Deputy Public Defender; NANCY S. FREEBURG, Attorney; LORALEA FRANK, Attorney; NIEL MILLER, Buffalo County Sheriff; BRANDON BRUEGGEMANN, Buffalo County Deputy Sheriff; ANTHONY CORDOVA, Kearney Police Detective; ALL OTHER SHERIFF AND KEARNEY POLICE INDIVIDUALS NAMED BY PROSECUTION AS WITNESSES FOR CASE CR19-15, RAND FAIR, County Attorney; and ANY AND ALL OTHER COURT OFFICIALS INVOLVED IN CASE CR19-134,<br><br>Defendants. | 8:23CV137<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on two Motions for Leave to Proceed in Forma Pauperis ("IFP") filed by Plaintiff. Filing No. 2; Filing No. 6. The Court has also received

two identical certified copies of Plaintiff's trust account information. Filing No. 3; Filing No. 7.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. During the past six months, Plaintiff's average monthly balance was $32,818.24 and his average monthly deposits were $6,322.01. *See* Filing No. 3; Filing No. 7. Therefore, pursuant to the formula set forth in 28 U.S.C. § 1915(b)(1), the initial partial filing fee would be $6,563.65, based on an average monthly account balance of $32,818.24, which is more than the $350 filing fee for this matter.[1] However, "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . ." 28 U.S.C. § 1915(b)(3). Accordingly, Plaintiff shall be required to pay a $350.00 filing fee at the outset of the case, as mandated by 28 U.S.C. § 1915(b). *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Prison Litigation

---

[1] The Court's filing fee of $402.00 for §1983 actions includes the $350.00 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52."). Prisoners granted IFP status are not required to pay the $52.00 administrative fee under the PLRA.

Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2 is granted and his second motion for Leave to Proceed IFP, Filing No. 6, is therefore denied as moot.

2. Plaintiff must pay the entire filing fee of $350.00 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

3. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **May 17, 2023**: full $350.00 filing fee payment due.

5. Plaintiff is advised that, following payment of the filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 17th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge