IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN CARSON, District Judge; JOHN MARSH, District Judge; GERALD JORGENSEN, County Judge; JOHN RADEMACHER, County Judge; SHAWN EATHERTON, County Attorney; PATRICK LEE, Deputy County Attorney (now District Judge); KARL FISK, Deputy County Attorney; JEFF WIRTH, Public Defender; D. BRANDON BRINEGAR, Deputy Public Defender; NANCY S. FREEBURG, Attorney; LORALEA FRANK, Attorney; NIEL MILLER, Buffalo County Sheriff; BRANDON BRUEGGEMANN, Buffalo County Deputy Sheriff; ANTHONY CORDOVA, Kearney Police Detective; ALL OTHER SHERIFF AND KEARNEY POLICE INDIVIDUALS NAMED BY PROSECUTION AS WITNESSES FOR CASE CR19-15, RAND FAIR, County Attorney; and ANY AND ALL OTHER COURT OFFICIALS INVOLVED IN CASE CR19-134,<br><br>Defendants. | 8:23CV137<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on two motions filed by Plaintiff: a motion for expedited review, requesting this Court to review his claims as soon as possible to secure "release" from incarceration, Filing No. 10, and a motion to amend his Complaint, Filing

No. 11, summarizing numerous revisions to the parties, the causes of action, and the relief sought that he intends to address in an amended complaint.

As an initial matter, to the extent Plaintiff seeks expedited review of this case to secure a release from incarceration, Filing No. 10 at 3, such relief is not available in an action brought pursuant to 42 U.S.C. § 1983. *See Smith v. Cann*, No. 1:21-CV-115 SNLJ, 2021 WL 5232385, at *4 (E.D. Mo. Nov. 10, 2021), *aff'd*, No. 21-3855, 2022 WL 2116051 (8th Cir. Feb. 28, 2022) ("[T]o the extent that Plaintiff seeks release from confinement or correction of his state court sentence in this matter, such relief is not available in a civil action brought under 42 U.S.C. § 1983. Allegations seeking such relief fail to state a valid § 1983 claim."). A writ of habeas corpus is the "exclusive remedy" when a prisoner challenges the fact or duration of his confinement and seeks release from incarceration, while a civil rights complaint "is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life." *Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973). Therefore, to the extent Plaintiff filed this action to secure his release from incarceration, because such relief is not available to him under § 1983, it follows that it is also not a basis for expedited review.

In response to Plaintiff's request for leave to amend his Complaint, a district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). "A decision whether to allow a party to amend [his or] her complaint is left to the sound discretion of the district court . . . ." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). However, pursuant to Nebraska Local Rule of Practice 15.1, "[a] party who moves for leave to amend a pleading . . . shall file as an attachment to the motion an

unsigned copy of the proposed amended pleading." Moreover, Plaintiff may generally file a motion to amend his Complaint at any time in the early stages of these proceedings. *See* Fed. R. Civ. P. 15 (a)(1) (pretrial amendments to a pleading permitted within 21 days of serving the pleading or service of a responsive pleading or at any other time with the opposing party's consent or the court's leave).

Here, while Plaintiff need not seek leave to amend his Complaint at this time, Plaintiff failed to comply with the local rules as he did not attach a copy of his Amended Complaint to his motion to amend. Due to the extensive revisions Plaintiff sets forth in his motion to amend, if Plaintiff seeks review based on his proposed amendments, he will need to file an amended complaint in compliance with the local rules to allow review by this Court.

Therefore, for the reasons set forth herein, it is **HEREBY ORDERED**:

1. The Plaintiff's motion to amend his Complaint, Filing No. 11, is **DENIED without prejudice** to refiling a motion in compliance with the local rules.

2. The Plaintiff's motion for expedited review, Filing No. 10, is also **DENIED without prejudice**.

Dated this 16th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

3