IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KIRK D. ROBINSON,

          Plaintiff,

vs.

RYAN CARSON, District Judge; JOHN MARSH, District Judge; GERALD JORGENSEN, County Judge; JOHN RADEMACHER, County Judge; SHAWN EATHERTON, County Attorney; PATRICK LEE, Deputy County Attorney (now District Judge); KARL FISK, Deputy County Attorney; JEFF WIRTH, Public Defender; D. BRANDON BRINEGAR, Deputy Public Defender; NANCY S. FREEBURG, Attorney; LORALEA FRANK, Attorney; NIEL MILLER, Buffalo County Sheriff; BRANDON BRUEGGEMANN, Buffalo County Deputy Sheriff; ANTHONY CORDOVA, Kearney Police Detective; ALL OTHER SHERIFF AND KEARNEY POLICE INDIVIDUALS NAMED BY PROSECUTION AS WITNESSES FOR CASE CR19-15, RAND FAIR, County Attorney; ANY AND ALL OTHER COURT OFFICIALS INVOLVED IN CASE CR19-134, and MICHAEL MEDFER, Deputy County Attorney;

          Defendants.

8:23CV137

MEMORANDUM AND ORDER

Plaintiff Kirk D. Robinson, a prisoner proceeding pro se, filed a pro se Complaint on April 11, 2023 (the "Initial Complaint"). Filing No. 1. Leave to proceed in forma pauperis was granted on April 17, 2023. Filing No. 8. Subsequently on June 2, 2023, Plaintiff filed a motion to amend his Initial Complaint, Filing No. 16, and then on June 5, 2023, filed a motion for review, Filing No. 17, apparently seeking review of his Initial Complaint. On June 8, 2023, while both motions were still pending, Plaintiff filed an Amended Complaint (hereinafter the "Amended Complaint"). Filing No. 18.

As Plaintiff properly amended his Initial Complaint via filing the Amended Complaint, both the motion to amend the Initial Complaint and the motion seeking review of the Initial Complaint are moot and shall be denied. The Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

## I. SUMMARY OF COMPLAINT[1]

Plaintiff, a prisoner currently incarcerated at the Lincoln Reception and Treatment Center, Filing No. 1 at 2,[2] filed a 42 U.S.C. § 1983 action alleging various constitutional claims naming the following parties as defendants: Judge Ryan Carson, Judge John

---

[1] Although Plaintiff references other matters filed in this Court, indicating that this Court should refer to those cases in order to fully understand the instant matter, see Filing No. 18 at 6 (directing this Court to review a § 1983 case *Robinson v. State*, Case No. 8:22-cv-151, and an unnamed case pending in Lancaster Nebraska), and *Id.* at 10 (directing this Court to review his 28 U.S.C. §2254 habeas petition, *Robinson v. Boyd*, Case No. 8:22-cv-412 (the "Federal Habeas")), this Court shall not scour the dockets of various cases in an attempt to fill in the factual blanks of Plaintiff's instant Complaint where Plaintiff has failed to plead the necessary facts.

[2] Plaintiff mistakenly referred to the facility as the "Retention and Treatment Center." See https://corrections.nebraska.gov/facilities/reception-and-treatment-center.

Marsh, Judge Gerald Jorgensen, Judge John Rademacher, Judge Patrick Lee, County Attorney Shawn Eatherton and Randy Fair, Deputy County Attorneys, Kari Fisk and Michael Medfer, Public Defender D Brandon Brinegar,[3] Buffalo County Sheriffs Niel Miller and Brandon Bruggemann, and Kearney Police Detective Anthony Cordova, and all other county and town police officials involved in case number CR19-134 (collectively "Defendants"), Filing No. 18 at 1.  His claims appear to arise from a series of events occurring from October 2018 through April 2023.  Id. at 2–10.

Specifically, Plaintiff alleges that on October 6, 2018, he was served paperwork regarding a harassment protection order (the "Protection Order") signed by defendant Judge Marsh.  Id. at 2.  Plaintiff sought a hearing to show cause as to why the Protection Order should not be enforced, which was initially set for November 2, 2018, but was later continued to February 19, 2019.  Id.  Around the end of October or the beginning of November 2018, prior to the hearing on the Protection Order, Plaintiff gave several of his firearms (the "Firearms") to a friend to hold for him.[4]  Id. at 2–4.

Plaintiff was arrested on November 20, 2018, and charged with violations including possession of a firearm and felony stalking under Nebraska Revised Statute § 28-1206.[5]  Id. at 2.  Shortly after Plaintiff's arrest, a bond hearing was held before defendant Judge Jorgensen, where defendant Deputy County Attorney Medfer argued for a bond of

---

[3] Plaintiff does not formally list Brinegar as a defendant but refers to him in his Complaint and appears to bring a Sixth Amendment claim against him as a defendant.  Filing No. 18 at 5–6.

[4] Plaintiff also alleges that (apparently before his trial) he believes his friend was contacted by defendants Bruggemann and Cordova and, without a warrant, was coerced to turn over the Firearms under threat of retaliatory prosecution.  Id. at 4.  It is unclear from the Complaint when this alleged incident occurred.

[5] Plaintiff also alleges he was arrested on October 29, 2018, for violation of a protection order and a "DUI."  Id. at 4.  Plaintiff submits that although the protection order charge from the October 29, 2018, arrest was dismissed due to lack of evidence, the charges brought against him following his November 20, 2018, arrest used "the same incident and same circumstances as the dismissed protection order violation" from the October 29, 2018, arrest.  Id.

$250,000, which was granted allegedly due to Plaintiff's "enormous" financial resources. *Id.* at 2.

In late summer or early fall of 2019, Plaintiff alleges he moved an unnamed court to grant a hearing seeking dismissal of case "CR 19-15," in part arguing on the day of his arrest no firearms were found in his possession. *Id.* at 3. Plaintiff alleges that motion was "ignored" but that later, at an unrelated hearing, defendant Judge Carson indicated he was aware of the prior motion filed by Plaintiff but that "even if he did grant a hearing, he couldn't dismiss the case anyway." *Id.* Plaintiff does not state in his Amended Complaint when/if he was convicted or what charges he was convicted of or any additional facts until noting that on April 26, 2023, a hearing for disposition of the Firearms was held before defendant Judge Carson with defendant Fisk representing the state. *Id.* at 5. Plaintiff alleges the Firearms were "given to his designee to possess" and Plaintiff received no compensation for them. *Id.*

The Court summarizes the following claims brought by Plaintiff against Defendants as: (1) First Amendment violation of the "right to petition the government;" (2) Second Amendment violation of the right to bear arms;[6] (3) Fourth Amendment violation of the right against illegal search and seizure; (4) Fifth Amendment violation of the prohibition against double jeopardy, self-incrimination, due process, and deprivation of life, liberty, and property; (5) Sixth Amendment violation of the right to counsel; (6) Eighth Amendment violations of excessive bail and cruel and unusual punishment; (7) Eleventh

---

[6] Plaintiff argues that Nebraska Revised Statute § 28-1206 is unconstitutional as under the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n. Inc. v. Bruen*, it is unconstitutional to "define someone as prohibited [from possessing a firearm] due to a protection order." *Id.* at 4 (citing --- U.S. ---,142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022)).

Amendment violation;[7] (8) Thirteenth Amendment violation of the prohibition against slavery; and (9) Fourteenth Amendment violations of the privileges and immunities clause and equal protection clause. *Id.* at 2–8.

Plaintiff seeks to reverse his conviction, release from incarceration, to have various counties "investigated," prosecution of various state officials,[8] and $150,000,000,000 in punitive damages. *Id.* at 12.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

---

[7] Plaintiff appears to claim that the state of Nebraska cannot claim sovereign immunity as a defense against this action as Plaintiff is a Nebraska citizen and he has a right to "redress of grievances." *Id.* at 6–7.

[8] Plaintiff also seeks "all responsible parties to be charged with murder" in the event Plaintiff dies while incarcerated sometime in the future. *Id.* at 12.

5

Although the Defendants all appear to meet the acting under color of law standard, Plaintiff's Complaint falls far short of federal pleading standards and suffers from a multitude of defects relating to the alleged deprivation which renders it is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. While some defects may potentially be resolved via an amended pleading, several of them require dismissal with prejudice. Each issue is addressed further here.

**A. The Majority of Relief Sought is Unavailable**

Plaintiff seeks to reverse his conviction, release from incarceration, to have various counties "investigated," prosecution of various state officials, and punitive damages. Filing No. 18 at 12. However, the only relief sought by Plaintiff potentially available to him in this § 1983 action are punitive damages.[9]

Prospective relief, which is "all relief other than compensatory monetary damages," *see* 18 U.S.C. § 3626(g)(7), is limited by the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, to an order correcting the violation. *See Farner v. Duncan*, No. 16-CV-310-NJR, 2016 WL 3254519, at *4 (S.D. Ill. June 14, 2016) (citing 18 U.S.C. § 3626(g)(9), (g)(7); *Rowe v. Jones*, 483 F.3d 791, 795 (11th Cir. 2007)). Therefore, to the extent Plaintiff seeks termination of Defendants' employment, investigation into county official

---

[9] "The Supreme Court has explained that 42 U.S.C. § 1983 creates a species of tort liability where the basic purpose of § 1983 damages is to *compensate persons for injuries* that are caused by the deprivation of constitutional rights. *Markham v. Tolbert*, No. 22-CV-0187 (SRN/TNL), 2022 WL 17819354, at *11 (D. Minn. Dec. 20, 2022) (quotations omitted) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986)). As punitive damages are potentially available in § 1983 actions, although on a limited basis, they have the potential to survive initial review. *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002) ("Unlike compensatory damages, which are mandatory and are awarded as a matter of right once liability is established, punitive damages are awarded or rejected in a particular case at the discretion of the fact finder once sufficiently serious misconduct by the defendant is shown.") (citing *Smith v. Wade*, 461 U.S. 30, 52 (1983)).

activities, and criminal prosecution, for events which have already occurred, such relief is outside the scope of this Court's authority under the PLRA.[10]

Forms of relief that call into question the validity of a conviction and/or sentence as well as release from incarceration are also not available under § 1983, and instead are appropriate in a habeas proceeding.[11] See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As such, to the extent Plaintiff challenges the validity of his criminal sentence, "whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted).

Therefore, as the only potentially cognizable relief sought by Plaintiff is his demand for punitive damages, Plaintiff's grounds for relief seeking reversal of his conviction, release from incarceration, to have various counties "investigated," and prosecution of various state officials cannot proceed and must be dismissed. As any amendment to these remedies are futile, they are dismissed with prejudice.

**B. Pleading Deficiencies**

For the reasons set forth below, as currently pleaded, Plaintiff has failed to state any claim on which relief may be granted against all Defendants. While dismissal under

---

[10] Moreover, a private citizen has no right to require investigation or prosecution of an alleged crime. *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 619 & n.5 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir.1988) (victims lack constitutional right under equal protection clause to compel criminal prosecution); *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md.1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime."). Therefore, Plaintiff cannot seek investigations and prosecutions of various counties and/or county officials as such relief is not available to him.

[11] Plaintiff cannot consolidate his currently pending Federal Habeas matter with this case. *See* Filing No. 18 at 10 (seeking to "add" his federal habeas case to this matter).

7

Rule 8(a) has been found appropriate where a complaint is lengthy, disorganized, vague, or ambiguous rendering it unintelligible,[12] and although it appears amendment may have limited value, the Court shall allow Plaintiff to further amend his Amended Complaint to address the deficiencies set forth below.

### 1. Insufficient Factual Allegations

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Id.* at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see*

---

[12] *Cf. Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal of a 98-page pro se complaint, the "style and prolixity" of which "would have made an orderly trial impossible."); *Smith v. Republic Servs., Inc.*, 2017 WL 4038143, at *3 (E.D. Mo. Sept. 13, 2017) (dismissing complaint under Rule 12(b)(6), noting it violated Rule 8(a) because it did not contain numbered paragraphs, was "overly wordy with an incomprehensible pattern of capitalized and not capitalized words," and failed to clearly identify each defendant by name and articulate specific facts about that defendant's wrongful conduct); *Favaloro v. BJC Healthcare*, 2015 WL 1603054, at *2 (E.D. Mo. Apr. 9, 2015) (denying leave to file amended complaint for failure to comply with Rule 8 in relatively simple employment action where complaint was "90 pages long, include[d] 959 paragraphs, multiple subparagraphs, sub-subparagraphs . . . and contain[ed] wholly irrelevant and scandalous material.").

also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff's Amended Complaint contains a long, rambling narrative, addressing multiple lawsuits, arrests, and charges, falling between October 2018 and 2023, mentioning various parties and potential claims in a fairly haphazard fashion, referencing factual allegations in other cases, on many occasions failing to connect alleged facts with specific dates, and inserting unrelated or unnecessary comments. *See generally* Filing No. 18. For example, Plaintiff lists a Fifth Amendment deprivation of life, liberty, and property claim, and then alleges only that the claim is "self evident," and that he has a First Amendment right to "petition the government for a redress of grievances," but then does not discuss any grievance he attempted to file. *Id.* at 3, 5. Ultimately, Rule 8 requires more as even for a pro se litigant, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

While the Court shall not go through each instance that amendment is required due to failure to comply with Rule 8 (as for reasons discussed further in this section all claims against all defendants must be amended for this case to proceed), any amended complaint filed by Plaintiff in compliance with this order must comply with the pleading requirements of Rule 8. Put another way, the Court cannot guess as to what each defendant did and when. Therefore, when amending his Amended Complaint, Plaintiff

should set forth factual allegations that establish who each defendant is, when and how they were involved with Plaintiff, and what claims Plaintiff alleges against each of them.

### 2. *Statute of Limitations*

"[C]ourts look to state law for the length of the limitations period" in a section 1983 action. *McDonough v. Smith*, 588 U.S. ---, 139 S. Ct. 2149, 2155, 204 L. Ed. 2d 506 (2019). In Nebraska, the statute of limitations applicable to section 1983 matters is four years. *Wilson v. Garcia,* 471 U.S. 261 (1985) (for purposes of selecting one statute of limitations, § 1983 actions shall be characterized as personal injury actions because recovery is based upon a finding that a party has suffered injury to his personal rights); *Bauers v. City of Lincoln,* 245 Neb. 632, 514 N.W.2d 625, 634 (Neb.1994) (parallel citations omitted); Neb. Rev. Stat. Ann. § 25–207 (actions for injury to rights of plaintiff must be brought within four years).

Here, Plaintiff filed his Initial Complaint on April 11, 2023. Filing No. 1. Many of the facts supporting claims in Plaintiff's Amended Complaint appear to arise in 2018 and early 2019. Filing No. 18 at 2–10. As the relevant limitations period in Nebraska is four years, any claims occurring before April 11, 2019, would likely be barred[13] and subject to dismissal with prejudice. For example, Plaintiff alleges that on October 6, 2018, he was served paperwork regarding a harassment protection order (the "Protection Order") signed by defendant Judge Marsh. As that is the only factual allegation contained in the

---

[13] While this court and the Eighth Circuit Court of Appeals have recognized the existence of the continuing violations doctrine in the context of employment disputes, *Mustafa v. State of Nebraska Dep't of Corr. Servs.,* 196 F.Supp.2d 945, 957 (D. Neb. 2002), Plaintiff's claims do not appear to contain a similar factual context which would allow application of the continuing violations doctrine.

Amended Complaint against defendant Judge Marsh, as pleaded, defendant Judge Marsh should be dismissed.

Other allegations are less clear. Plaintiff connects defendant Judge Jorgensen to a 2018 bail hearing and to a contempt of court hearing that appears to have occurred prior to Plaintiff's conviction. *Id.* at 5. While the 2018 bail hearing and any claims relating to it also appear to be time barred, the contempt of court hearing appears to have taken place sometime in 2019 and may also be time barred depending upon when it occurred in 2019. *Id.* In other words, due to the lack of connection between some of Plaintiff's claims and a specific time the underlying event relating to each claim occurred, it is not possible for this Court to make an absolute determination regarding potentially time barred claims without amendment.

### 3. *Capacity not Pleaded*

Plaintiff does not state what capacity he seeks to sue any defendant. *See* Filing No. 18 at 1–13. Where a plaintiff fails to indicate the capacity they wish to sue a defendant, a court must construe their claims against that defendant in their official capacity only. *Artis v. Francis Howell N. Band Booster Assoc., Inc.,* 161 F.3d 1178, 1182 (8th Cir.1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Johnson v. Outboard Marine Corp.,*172 F.3d at 535 (In order to sue a public official in his or her individual capacity, a plaintiff must: "expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. Because section 1983 liability exposes public servants to civil liability and damages, . . .

11

only an *express statement* that they are being sued in their individual capacity will suffice to give proper notice to the defendants." (emphasis added)).

Where claims are made against defendants in their official capacities such claims are construed as filed against the officers' employing entity, which here appears to be mainly cities or counties. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). A city or county may only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). However, Plaintiff does not allege any policy or custom of any city or county caused his injuries. *See generally* Filing No. 18. As such, Plaintiff failed to allege a plausible claim for relief against any defendant in their official capacity, therefore the Amended Complaint must be dismissed as pleaded.

### 4. Judicial Officers – Immunity

Finally, Plaintiff names Judges Ryan Carson, John Marsh, John Rademacher, Gerald Jorgensen, and Patrick Lee (the "Judicial Officers") as defendants. *Id.* at 1. To the extent Plaintiff complains of actions taken by the Judicial Officers while they had jurisdiction over Plaintiff, such claims cannot proceed as the Judicial Officer defendants are absolutely immune from suit. *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.")).

Moreover, the Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As such, sovereign immunity prevents the Court from exercising jurisdiction over claims for damages against the Judicial Officers in their official capacities.

Plaintiff should amend his complaint to include any actions taken by the Judicial Officers that fall outside their jurisdiction over Plaintiff and his case before them, if such facts exist.

IT IS THEREFORE ORDERED that:

1. Plaintiff's grounds for relief seeking reversal of his conviction, release from incarceration, to have various counties "investigated," and prosecution of various state officials, cannot proceed and are dismissed without prejudice.

2. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file a second amended complaint consistent with this order.

3. If Plaintiff decides to proceed and file a second amended complaint he must: Clearly state a claim or claims upon which relief may be granted against any and all

named defendants in accordance with this Memorandum and Order.  **Plaintiff is warned that an amended complaint will supersede, not supplement, the previously filed Complaint and Supplement.  Plaintiff must include all of the claims he wishes to pursue against all of individuals** <u>named</u> **as defendants in this case that he wishes to proceed against in his second amended complaint, without relying upon or incorporating by reference any allegations made in the prior complaints or other cases before this and other courts.  Plaintiff should be mindful to explain in his second amended complaint what each defendant did to him, when and where the defendant did it, how the defendant's actions harmed him, and the capacity under which he seeks to sue each defendant.**

4.  If Plaintiff fails to file a second amended complaint or otherwise respond to this order, all Plaintiff's claims against all Defendants will be dismissed without prejudice and without further notice.

5.  The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 17, 2023:** Check for second amended complaint.

6.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

6.  The motion to amend, Filing No. 15, and the motion for review, Filing No. 17, are denied as moot.

Dated this 18th day of October, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court